```
                UNITED STATES DISTRICT COURT
                   DISTRICT OF NEW JERSEY
```

|  |  |  |  |
|---|---|---|---|
| RICHARD KAPLAN, | : | | |
| | : | Civil Nos. | 13-2554 (NLH), |
| Petitioner, | : | | 13-5295 (NLH), |
| | : | | 14-1007 (NLH), |
| v. | : | | 14-1740 (NLH), |
| | : | | 13-3023 (NLH), |
| UNITED STATES OF AMERICA, | : | | 13-3473 (NLH) |
| | : | Crim. Nos. | 07-329 (NLH), |
| Respondent. | : | | 08-581 (NLH) |
| | : | **MEMORANDUM ORDER** | |

APPEARANCES:
Richard Kaplan, # 28621-050
F.C.I. Otisville
P.O. Box 1000
Otisville, NY 10963
   Petitioner, Pro se

**IT APPEARING THAT:**

1.  On or about October 6, 2015, Petitioner Richard Kaplan filed a motion "directing all Courts to Reverse [Their] Erroneous Decisions" allegedly based upon newly discovered evidence in several of his closed cases including a civil suit and all of his motions to vacate his various sentences. (See, e.g., Docket No. 13-2554 at ECF No. 17; Docket no. 13-5295 at ECF No. 23; Docket No. 14-1007 at ECF No. 13).

2.  This Court construed that motion as a motion brought pursuant to Federal Rule of Civil Procedure 60(b) seeking relief from the judgments entered against Petitioner in those cases and denied Petitioner's motions on December 15, 2015, as Petitioner

had not raised any new evidence or otherwise shown his entitlement to such relief. (See, e.g., Docket No. 13-2554 at ECF Nos. 28-29).

3. On January 14, 2016, Petitioner filed a notice of appeal challenging this Court's denial of his Rule 60(b) motions. (See, e.g., Docket No. 13-2554 at ECF No. 32).

4. On or about February 16, 2016, Petitioner also filed motions for an evidentiary hearing and a teleconference on the issues he raised in his Rule 60(b) motions in all of the cases in which he filed his Rule 60(b) cases, as well as in his two criminal dockets. (See Docket No. 07-329 at ECF No. 63; Docket No. 08-581 at ECF No. 86; Docket No. 14-1740 at ECF Nos. 24-25; Docket No. 13-2554 at ECF Nos. 33-34; Docket no. 13-5295 at ECF Nos. 34-35; Docket No. 14-1007 at ECF Nos. 23-24).

5. On March 3, 2016, this Court entered an opinion and order construing Petitioner's motion for an evidentiary hearing as a motion for reconsideration and denying that Order as Petitioner had failed to show any basis for relief. (See, e.g., Docket No. 13-2554 at ECF Nos. 35-36).

6. On May 12, 2016, the Third Circuit disposed of Plaintiff's appeal by denying him a certificate of appealability and making the following findings:

2

> Kaplan's application for a certificate of appealability is denied because jurists of reason would not find the District Court's procedural ruling debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Appellant's motion filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure was essentially an unauthorized successive § 2255 motion over which the District Court lacked jurisdiction. See Robinson v. Johnson, 313 F.3d 128, 138-40 (3d Cir. 2002). And to the extent Kaplan's motion challenged the integrity of the habeas proceeding, jurists of reason would not debate the District Court's ruling that his Rule 60(b) motion was untimely if it was based on newly-discovered evidence (Rule 60(b)(2)) or fraud (Rule 60(b)(3)). Nor would jurists of reason debate that to the extent the motion was filed pursuant to 60(b)(6) ("any other reason that justifies relief"), relief is not justified. Kaplan's claim that Garafalo is a federal agent is not supported by anything other than his misunderstanding of a Magistrate Judge's order. See Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (movant must show extraordinary circumstances to reopen habeas proceeding).

(Docket No. 13-2554 at ECF No. 37).

7. On May 23, 2016, Petitioner filed yet another motion, this time seeking to compel discovery, which he filed in all of the cases previously mentioned, as well as in a coram nobis docket and several other civil matters before other Judges of this Court. (Docket No. 13-2554 at ECF No. 38; Docket No. 13-3023 at ECF No. 9; Docket No. 14-3473 at ECF No. 3; Docket No. 14-1740 at ECF No. 28; Docket No. 14-1007 at ECF No. 27; Docket

No. 13-5295 at ECF No. 38; Docket No. 07-329 at ECF No. 76; Docket . 08-581 at ECF No. 99).

8.   On June 2, 2016, Magistrate Judge Schneider denied Petitioner's motion to compel discovery in Docket No. 14-1740. (Docket No. 14-1740 at ECF no. 29).

9.   As noted by Magistrate Judge Schneider, all of the cases currently before this Court in which Petitioner has filed his motion to compel discovery are well and truly finished, and have been closed for over a year.  In addition, as noted above, this Court has previously denied Petitioner's Rule 60(b) motion in all of the cases in which he filed it, and denied Petitioner's motion for reconsideration of that denial.  Likewise, the Third Circuit has upheld the denial of Petitioner's Rule 60(b) motion.  As Petitioner seeks discovery in closed cases which have all been resolved either on the merits or have been dismissed as time barred, and as Petitioner has shown no meritorious basis for permitting him to engage in discovery in these long-closed cases, Petitioner's motion shall be denied.

10.  Because Petitioner continues to file meritless motions in his closed cases, even after this Court has already denied him the relief he seeks multiple times, this Court is compelled

4

to take further action in the interests of finality and in preserving limited judicial resources.  As such, this Court will direct the Clerk of the Court to accept no further filings in Petitioner's mandamus, habeas, and coram nobis cases.

**IT IS THEREFORE** on this  28th  day of July, 2016,

**ORDERED** that the Clerk of the Court shall **RE-OPEN** Docket Numbers 07-329, 08-581, 13-2554, 13-5295, 14-1007, 14-3473, and 13-3023 for the purposes of this Order only; and it is further

**ORDERED** that Petitioner's motions to compel discovery (Docket No. 13-2554 at ECF No. 38; Docket No. 13-3023 at ECF No. 9; Docket No. 14-3473 at ECF No. 3; Docket No. 14-1740 at ECF No. 28; Docket No. 14-1007 at ECF No. 27; Docket No. 13-5295 at ECF No. 38; Docket No. 07-329 at ECF No. 76; Docket No. 08-581 at ECF No. 99) are **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall accept no further filings from Petitioner in any of the following: Docket Nos. 13-2554, 13-5295, 14-1007, 14-3473, and 13-3023; and it is finally

5

**ORDERED** that the Clerk shall serve a copy of this Memorandum Order upon Petitioner by regular mail, and shall close the files (Docket Nos. 07-329, 08-581, 13-2554, 13-5295, 14-1007, 14-3473, and 13-3023).

                                             s/ Noel L. Hillman
                                             Hon. Noel L. Hillman,
                                             United States District Judge

At Camden, New Jersey